# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CARL WAYNE BUNTION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil No. 4:22-cv-1168 |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT FILED
## PURSUANT TO 28 U.S.C. § 2201

### Mr. Buntion is scheduled to be executed
### on April 21, 2022, after 6:00 pm.

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, TX  77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
Email ddow@central.uh.edu

Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, TX  77204-6060
Tel. (713) 743-6843
Fax (713) 743-2131
Email jrnewber@central.uh.edu

*Counsel for Carl Buntion, Plaintiff*

1

# Table of Contents

Table of Authorities ................................................................ 3

Table of Exhibits……….. ......................................................... 4

PLAINTIFF'S COMPLAINT FILED PURSUANT TO 28 U.S.C. §
2201……………. .................................................................... 5

Introduction………. ............................................................... 5

Jurisdiction…………. .............................................................. 8

Venue………… ....................................................................... 8

Parties…………. ..................................................................... 9

Procedural background ........................................................ 10

Exhaustion of administrative remedies ................................ 15

Cause of Action: Absent a declaratory judgment from this Court,
Defendants might execute Buntion in a manner that violates his
rights under the RLUIPA ...................................................... 15

Prayer for Relief. ................................................................ 18

Verification…………. ............................................................. 20

Certificate of Service ........................................................... 21

## Table of Authorities

**Cases**

*Ramirez v. Collier*,
　　No. 21-5592, 2022 WL 867311 (U.S. Mar. 24, 2022) ......... 6, 7, 15-16

*Ramirez v. Collier*,
　　No. H-21-2609, 2021 WL 4888336 (S.D. Tex. Sept. 2, 2021) ......... 15

## Table of Exhibits

Exhibit 1          April 4, 2022 email from TDCJ's Counsel to Buntion's
                   Counsel

Exhibit 2          March 16, 2022 email from Buntion's Counsel to
                   TDCJ's Counsel

Exhibit 3          March 18, 2022 email from TDCJ's Counsel to
                   Buntion's Counsel

Exhibit 4          March 23, 2022 email from Buntion's Counsel to
                   TDCJ's Counsel

Exhibit 5          March 24, 2022 email from Buntion's Counsel to
                   TDCJ's Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CARL WAYNE BUNTION | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| vs. | § | Civil No. 4:22-cv-1168 |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
|   Defendants. | § | |

## PLAINTIFF'S COMPLAINT FILED
## PURSUANT TO 28 U.S.C. § 2201

## Introduction

1.     Plaintiff Carl Wayne Buntion is scheduled to be executed on April 21, 2022. Since becoming a Christian on July 4, 1990 (less than two weeks after he shot and mortally wounded Houston Police Department Officer James Irby), Buntion's faith has become a central part of his life, and it is his sincerely held religious belief that because of his faith, his spiritual advisor should be in the execution chamber praying over him when he is executed. Specifically, Buntion has asked that his spiritual advisor be allowed to touch him and audibly pray over

5

him while he is in the execution chamber.

2.    On March 24, 2022, the Supreme Court held in the case of John Ramirez that Ramirez had demonstrated that he would likely prevail on his claims that Defendants' policy which would not allow his spiritual advisor to audibly pray over him and touch him in the execution chamber would violate his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Ramirez v. Collier*, No. 21-5592, 2022 WL 867311, at *14 (U.S. Mar. 24, 2022). In the opinion, the Court suggested Defendants should "adopt clear rules in advance" regarding what would be allowed in the execution chamber so that cases would rarely require a "last-minute resort to the federal courts." *Id.*

3.    The day that the Supreme Court issued its opinion, undersigned Counsel asked TDCJ's General Counsel whether, in light of *Ramirez*, Defendants intended to adopt clear rules in advance of Buntion's execution about whether his spiritual advisor would be allowed to touch him and audibly pray over him during his execution and, if so, when those rules would be promulgated. Defendant's Counsel

did not immediately respond to Counsel's email. Finally, ten days later, Defendant's Counsel replied. *See* Exhibit 1 (April 4 , 2022 email from TDCJ's Counsel to Buntion's Counsel). In that email, Defendants' Counsel indicated that the Defendants would accommodate Buntion's request that his spiritual advisor be allowed to touch him and pray over him in the chamber, but did not specify what limits would be put on these requests, nor did Defendants' Counsel identify any "clear rules" TDCJ intended to implement "in advance" of Mr. Buntion's scheduled execution. *See Ramirez*, 2022 WL 867311,at *14.

4.      Counsel is therefore filing the instant pleading because there is no way for Counsel to know what precisely Defendants intend to allow. For example, it is not clear from Defendants' Counsel's email whether TDCJ intends to allow the spiritual advisor to provide these comforts to Buntion immediately after entering the chamber but not during the execution itself (that is, once the drugs which will cause Buntion's death begin to flow into his veins). Counsel believe that under the RLUIPA, Buntion has a right to these comforts during the execution itself. For that reason, Counsel are filing this action for a declaratory

7

judgment asking this Court to declare, in view of *Ramirez v. Collier*, that: (1) Defendants will likely violate Buntion's rights under the RLUIPA if they proceed with Buntion's execution on April 21, 2022 and do not allow Buntion's spiritual advisor to remain in contact with one of Buntion's legs (below the knee) for the entire time Buntion is on the gurney (including until he is pronounced dead); and/or (2) Defendants will likely violate Buntion's rights under the RLUIPA if they proceed with Buntion's execution on April 21, 2022 and do not allow Buntion's spiritual advisor to be allowed to pray audibly over him for the entire time Buntion is on the gurney (including until he is pronounced dead).

## Jurisdiction

5.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, for the purpose of determining a question of actual controversy between the parties, as more fully appears below.

6.      This Court has jurisdiction under 28 U.S.C. §§ 1343, 2201, and under 42 U.S.C. § 1983.

## Venue

7.      Venue is proper under 28 U.S.C. § 1391 because defendants

reside in the Southern District of Texas. Venue is also proper because Plaintiff's execution will occur in this district.

## Parties

8.     Plaintiff Carl Buntion is currently incarcerated under a sentence of death at the Polunsky Unit of the Texas Department of Criminal Justice ("TDCJ") in Livingston, Texas. He is scheduled to be executed on April 21, 2022.

9.     Defendant Bryan Collier is the executive director of the Texas Department of Criminal Justice. He is being sued in his official capacity. He is responsible for the oversight and enforcement of policies and procedures generally applicable to all prisons and all prisoners and is responsible for carrying out Buntion's execution.

10.     Defendant Bobby Lumpkin is the director of the Correctional Institutions Division of the Texas Department of Criminal Justice. He is being sued in his official capacity. Mr. Lumpkin is the person charged by the trial court's order to execute the judgment of death against Buntion.

11.     Defendant Dennis Crowley is the senior warden of the

Huntsville Unit, the unit at which TDCJ executes inmates. He is being sued in his official capacity. As the warden of the Huntsville Unit, Mr. Crowley is the TDCJ official that supervises Texas executions.

## Procedural background

12.    On January 4, 2021, the state trial court entered an order scheduling Buntion to be executed on April 21, 2022.

13.    Shortly thereafter, Buntion met with the warden at the Polunsky Unit and, in response to the warden's question, told the warden the name of the spiritual advisor he wanted to be present in the execution chamber when he is executed.

14.    At some point before the end of January, Buntion informed Defendants' agents at the Polunsky Unit that he had changed his mind and wanted Barry Brown to be his spiritual advisor inside the execution chamber when he is executed.

15.    Brown is employed by the Salvation Army. For almost twenty years, Kathryn Cox, who also worked for the Salvation Army, served as Buntion's spiritual advisor. Buntion met with Cox approximately once a month. Rev. Cox has since retired and passed

away.

16.    For much of the time since Kathryn Cox retired, Brown has served as Buntion's spiritual advisor.

17.    At some point between the end of January and February 28, 2022, Buntion informed Defendants' agents at the Polunsky Unit that he wanted Brown to be allowed to touch him and audibly pray over him while he is executed on April 21. Because this informal request was denied, Buntion filed a Step 1 Grievance on February 28.

18.    The February 28 Step 1 Grievance was returned to Buntion because Buntion failed to mention his attempt to resolve the issue outside of the grievance process.

19.    On March 3, 2022, Buntion resubmitted the Step 1 Grievance and included information about his attempt to resolve the issue outside of the grievance process.

20.    On March 16, 2022, Counsel asked TDCJ's Counsel by email about the status of Buntion's request. *See* Exhibit 2 (March 16, 2022 email from Buntion's Counsel to TDCJ's Counsel.)

21.    On March 17, Defendants' agents at the Polunsky Unit

answered the Step 1 Grievance. According to the response, "[Buntion's] grievance has been investigated. At this time the spiritual advisor is not allowed to touch the inmate or pray out loud once inside the execution chamber. No further action is warranted by the office."

22.     On March 18, in response to Counsel's March 16 email, TDCJ's Counsel informed Buntion's Counsel that Buntion's spiritual advisor was scheduled to attend an orientation on April 11. *See* Exhibit 3 (March 18, 2022 email from TDCJ's Counsel to Buntion's Counsel.) The email did not mention Buntion's request that his spiritual advisor be allowed to audibly pray over him and touch him in the chamber, which had been denied the day before.

23.     Buntion appealed by filing a Step 2 Grievance on March 21, 2022.

24.     Counsel did not immediately learn that Buntion's Step 1 Grievance had been denied on March 17. Wanting to know whether Buntion's request had been denied, Counsel emailed Defendants' Counsel on March 23 and asked. *See* Exhibit 4 (March 23, 2022 email from Buntion's Counsel to TDCJ's Counsel.)

12

25.     As mentioned above, the following day, the Supreme Court issued its opinion in *Ramirez v. Collier*. Counsel sent TDCJ's Counsel another email and asked whether she could "tell us whether [she] expect[ed] TDCJ [would] announce a new protocol in light of [the] decision in Ramirez and, if so, when you believe the new protocol will be issued." *See* Exhibit 5 (March 24, 2022 email from Buntion's Counsel to TDCJ's Counsel.)

26.     Counsel learned from Buntion during an April 4 visit that, around March 30, Defendants' agents at the Polunsky Unit (specifically, a female captain whose name is not known by Buntion) asked Buntion to write on a piece of paper specifically what he wanted his spiritual advisor to do during inside the execution chamber. Buntion informed Counsel that he wrote that he wanted Brown to be able to touch his foot or leg during the execution, pray over him during the execution, and sing the song *Amazing Grace* while in the chamber. During the visit with Counsel on April 4, Buntion explained to Counsel he viewed the song as being akin to a prayer.

27.     As indicated above, on April 4, 2022 TDCJ's Counsel finally

13

replied to Buntion's Counsel's query of March 24. The reply read in its

entirety as follows:

> Based on the U.S. Supreme Court's opinion in Ramirez v.
> Collier, TDCJ will accommodate Mr. Buntion's requests as
> presented in his Step 2 grievance that his spiritual advisor
> "be allowed to touch my body and pray out loud once inside
> the execution chamber." We will work with Mr. Buntion and
> his spiritual advisor to make that happen, and I anticipate a
> response to your client's Step 2 grievance will be forthcoming
> later this week.

Exhibit 1. The reply did not mention Buntion's interaction with the

female captain the previous week. Nor did the reply identify any clear

rules or indicate when such clear rules might be forthcoming.

28.    Counsel are next scheduled to visit Buntion on April 18 and

will likely not learn whether the Step 2 was returned to Buntion until

that day.

29.    TDCJ3's Counsel has indicated that Buntion's spiritual

advisor is scheduled to attend a required orientation on April 11. It is

possible TDCJ intends to discuss with Buntion's spiritual advisor at

that orientation the details of what TDCJ intends to permit. However,

TDCJ's rules prohibit the spiritual advisor from discussing the

orientation; undersigned Counsel will therefore not necessarily be able

to learn from Buntion's spiritual advisor whether Buntion's requests
will be granted or respected by TDCJ. *See Ramirez v. Collier*, No. H-21-
2609, 2021 WL 4888336, at *3 (S.D. Tex. Sept. 2, 2021) (indicating that
simply by sharing a copy of the agreement he signed which stated he
could not discuss anything he learned during the orientation, a spiritual
advisor had violated TDCJ's rules).

## Exhaustion of Administrative Remedies

30.    As stated above, Counsel are unable to know whether
Buntion has received a response to his Step 2 grievance. TDCJ's
Counsel's April 4 email confirms Defendants received the Step 2
Grievance and intended to respond to it soon. Based on this assurance,
Counsel believe Buntion has likely received a response by the date this
suit is being filed, and that this Court should, for that reason, find that
he has exhausted his claim. *See generally Ramirez*, 2022 WL 867311, at
*6 (briefly explaining the two-step grievance process).

## Cause of Action: Absent a declaratory judgment from this Court, Defendants might execute Buntion in a manner that violates his rights under the RLUIPA.

31.    The Supreme Court indicated in *Ramirez* that reasonable

15

regulations and restrictions inside the execution chamber will not invariably violate an inmate's rights under the RLUIPA.

*Ramirez*, 2022 WL 867311, at \*10-11. However, the reasonableness of any regulations or restrictions cannot be examined in the absence of the articulation of a policy identifying clear rules and standards.

32.    Had Defendants issued a revised execution protocol in light of the opinion in *Ramirez* that explained what limits would be imposed on audible prayer in the chamber, Counsel would be able to discuss with Buntion whether his request would be satisfied by what the new protocol purported to allow. Defendants, however, have not issued a revised protocol. Counsel have no way of knowing the limits Defendants will put on Brown's ability to audibly pray for Buntion while in the chamber or whether Buntion's request would be satisfied by what Defendants intend to allow.

33.    Counsel do know that Buntion's request would not be satisfied by Defendants' allowing Brown to audibly pray for Buntion for only a brief time in the chamber before the execution process actually begins. Absent action from this Court, Defendants might so limit

16

Buntion's request for audible prayer in the chamber from his spiritual advisor, and, crucially, Counsel would have no way of knowing that until Buntion is actually in the execution chamber on April 21, 2022 at 6 o'clock pm.

34.    Likewise, with respect to Brown's ability to touch Buntion while in the chamber, because Defendants have not adopted clear rules regarding what will be allowed in the chamber, Counsel have no way of knowing the limits Defendants will put on Brown's ability to touch Buntion in the chamber or whether Buntion's request would be satisfied by what is allowed.

35.    Counsel do know that Buntion's request would not be satisfied by Defendants allowing Brown to touch Buntion for only a brief time in the chamber before the execution process actually begins. Absent action from this Court, Defendants might so limit Buntion's request for physical touch in the chamber from his spiritual advisor and Counsel would have no way of knowing that until Buntion is actually in the execution chamber.

17

## Prayer for relief

WHEREFORE, Plaintiff Carl Wayne Buntion respectfully requests the Court enter a declaratory judgment declaring that Plaintiff's rights under the RLUIPA will likely be violated if Defendants do not allow his spiritual advisor to audibly pray for him during the entire time Buntion is on the gurney and to remain in contact with Buntion by touching one of his legs below the knee for the entire time Buntion is on the gurney. Because his rights would likely be violated absent this assurance from Defendants, this Court should enjoin Defendants from executing Buntion unless and until they assure Counsel for Buntion they will permit Brown to audibly pray over Buntion and remain in contact with Buntion (by touching one of his legs below the knee) during the entire execution process.

Respectfully submitted,

/s/ David R. Dow
_____
David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
Email ddow@central.uh.edu

/s/ Jeffrey R. Newberry
_____
Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, Texas 77204-6060
Tel. (713) 743-6843
Fax (713) 743-2131
Email jrnewber@central.uh.edu

*Counsel for Carl Buntion, Plaintiff*

## Verification

I, Jeffrey R. Newberry, attorney for Plaintiff in the above-entitled action, state that to the best of my knowledge and belief, the facts set forth in this Complaint are true.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 11, 2022.

/s/ Jeffrey R. Newberry
_____
Jeffrey R. Newberry

20

## Certificate of Service

I certify that on April 11, 2022, I served the foregoing pleading and attachments on Counsel for Defendants, Kristen Worman and Cara Hanna.

s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry