IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| CARL WAYNE BUNTION | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil No. 4:22-cv-1168 |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED PURSUANT TO 28 U.S.C. § 2201 WITHOUT PREJUDICE**

For the reasons explained below, Plaintiff Carl Wayne Buntion respectfully requests this Court enter an order dismissing his Complaint filed pursuant to 28 U.S.C. § 2201 without prejudice.

As Counsel made clear in the Complaint, they had not been provided a copy of Defendants' response to Buntion's Step 2 Grievance (and were therefore unaware TDCJ had taken any action concerning it). ECF No. 1 at para. 28. This morning, Mr. Edward Marshall, the Chief of the Criminal Appeals Division of the Office of the Attorney General of

Texas, emailed a copy of Defendants' response to Buntion's Step 2 Grievance, which was apparently given to Buntion on April 6. A copy of that response is attached as Exhibit 1 to this motion.

With respect to whether the spiritual advisor will be allowed to audibly pray over Buntion in the chamber, Defendants' response to Buntion's grievance indicates the spiritual advisor will be able to "[p]ray aloud at a reasonable volume when prompted by the Warden." See Exhibit 1. The response also made clear that the spiritual advisor would not be able to pray aloud when Mr. Lumpkin (the Director of TDCJ's Correctional Institution Division), Mr. Crowley (the Warden of the Huntsville Unit), or Mr. Buntion were speaking. See Exhibit 1.

On its own, the Defendants' response to Buntion's grievance did not appear to Counsel to provide Buntion all he requested, and what Counsel believe he is entitled to under RLUIPA. However, in an email to Counsel, Mr. Marshall has assured Counsel that "**[a]t all other times in the execution chamber, Buntion's spiritual advisor will be permitted to pray aloud at a reasonable volume.**" See Exhibit 2

2

(Marshall's April 12 email to Counsel) (emphasis in original).[1]

With respect to whether the spiritual advisor will be allowed to touch Buntion in the execution chamber, the response to Buntion's grievance indicates the spiritual advisor will be allowed to "[s]tand at the foot of the gurney and touch [Buntion's] foot." See Exhibit 1. By itself, Counsel do not believe this would be sufficient to satisfy Buntion's request and alleviate their concern. However, Mr. Marshall made clear in his email that "**[t]here is no limit on the timing of that touch**," meaning the spiritual advisor will be allowed to remain in contact with Buntion for the entire time he is in the execution chamber. See Exhibit 2 (emphasis in original).

Based on Defendants' Response (i.e., Exhibit 1) and Mr. Marshall's email (i.e., Exhibit 2), Counsel respectfully requests this Court dismiss Buntion's Complaint without prejudice to refile should Defendants' position change.

---

[1] Counsel has included Mr. Marshall's email as an exhibit with Mr. Marshall's consent.

Respectfully submitted,

| /s/ David R. Dow | /s/ Jeffrey R. Newberry |
|:---:|:---:|
| David R. Dow | Jeffrey R. Newberry |
| Texas Bar No. 06064900 | Texas Bar No. 24060966 |
| University of Houston Law Center | University of Houston Law Center |
| 4170 Martin Luther King Blvd. | 4170 Martin Luther King Blvd. |
| Houston, Texas 77204-6060 | Houston, Texas 77204-6060 |
| Tel. (713) 743-2171 | Tel. (713) 743-6843 |
| Fax (713) 743-2131 | Fax (713) 743-2131 |
| Email ddow@central.uh.edu | Email jrnewber@central.uh.edu |

*Counsel for Carl Buntion, Plaintiff*

**Certificate of Service**

    I certify that on April 12, 2022, I served the foregoing pleading and attachments on Counsel for Defendants, Cara Hanna.

                                        s/ Jeffrey R. Newberry
                                        _____
                                        Jeffrey R. Newberry