From: **Edward Marshall** Edward.Marshall@oag.texas.gov 📎
Subject: RLUIPA complaint
Date: April 12, 2022 at 10:03 AM
To: jrnewber@central.uh.edu
Cc: Cara Hanna Cara.Hanna@oag.texas.gov



Jeff, your client's Step 2 grievance was resolved in his favor last week (see attached), and he was provided notice. In TDCJ's response, it was stated that Buntion's spiritual advisor may "[p]ray aloud at a reasonable volume when prompted by the Warden," and "[p]ray silently at all other times." TDCJ has clarified to me, and I am now representing to you, that Buntion's spiritual advisor need only be silent when the CID Director or the Warden are speaking to facilitate the execution process and when Buntion is giving his last statement. **At all other times in the execution chamber, Buntion's spiritual advisor will be permitted to pray aloud at a reasonable volume.** Buntion's spiritual advisor may sing at a reasonable volume rather than merely speak, if he so chooses.

With regard to touch, TDCJ's response to Buntion's Step 2 grievance is very clear. **There is no limit on the timing of that touch.**

I apologize that you were not provided with a copy of the Step 2 grievance response sooner. It was my belief that you were, and that your client would communicate as much to you, but I was obviously wrong. You now know the limits to be placed on audible prayer and touch prior to and during Buntion's execution are minimal, and comport with the explicit suggestions in the Supreme Court's *Ramirez v. Collier* opinion. *See, e.g., id.*, --- S.Ct. ---, 2022 WL 867311, *10 ("Prison officials could impose reasonable restrictions on audible prayer in the execution chamber—such as limiting the volume of any prayer so that medical officials can monitor an inmate's condition, requiring silence during critical points in the execution process (including when an execution warrant is read or officials must communicate with one another), allowing a spiritual advisor to speak only with the inmate, and subjecting advisors to immediate removal for failure to comply with any rule."), *11 ("For example, Texas could allow touch on a part of the body away from IV lines, such as a prisoner's lower leg.").

I respectfully request that you amend your RLUIPA complaint to reflect that you are now aware, more than a week before Buntion's execution, of these accommodations and "clear rules." If you require further clarification, please do not hesitate to ask.



**Edward L. Marshall**
*Chief, Criminal Appeals Division*

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1400



S2 Grievance
Buntio...08.pdf